UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

FILIPE GUZMAN, on
behalf of himself and all others similarly situated,

                     Plaintiffs,

      -against-

JOESONS AUTO PARTS,
JOESONS AUTO PARTS II,
JOESONS AUTO PARTS III, and
PARGIE VISCIANO, individually,

                     Defendant.
-----------------------------------------------------------------------X

**CV-11 4543**

**SPATT, J.**

*VERIFIED COMPLAINT*

**JURY TRIAL DEMANDED**
**SUMMONS ISSUED**

**BOYLE, M**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 19 2011 ★

LONG ISLAND OFFICE

       Plaintiff, FILEPE GUZMAN, ("Guzman"), on behalf of himself and all others similarly situated ("Plaintiffs"), by and through his attorneys, The Law Office of BORRELLI & ASSOCIATES, P.L.L.C., brings this action for damages and other legal and equitable relief from Defendants JOESONS AUTO PARTS, JOESONS AUTO PARTS II, JOESONS AUTO PARTS III and PARGIE VISCIANO, individually ( "Defendants"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York State Labor Law ("Labor Law"), the New York Code of Rules and Regulations ("N.Y.C.R.R."), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiffs challenging acts committed by Defendants amounting to collective and class claims of violations of Federal and State wage and hour laws.

1

2. Guzman brings this action on his own behalf and those similarly-situated pursuant to the Federal and State laws requiring overtime pay.

3. Defendants committed violations of these laws by engaging in a systematic scheme of failing to compensate Guzman, and similarly-situated employees, statutorily required overtime pay; and failing to compensate at a rate of pay in accordance with the Federal and State statutorily required minimum rate of pay per hour worked.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

5. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, insomuch as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintains its principal place of business and conducts said business in this district.

## PARTIES

7. Guzman is a citizen of New York and resides in Queens County, New York.

2

8. Upon information and belief, Defendant JOESONS AUTO PARTS is a corporation duly

organized under the laws of the State of New York with its principal place of business at

797 4th Avenue, Brooklyn, New York, 11220.

## COLLECTIVE ACTION ALLEGATIONS

9. Guzman seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf as well

as those in the following class:

> Current and former employees of Defendants who perform any
> work in any of Defendants' locations as non-managerial employees
> who give consent to file a cause of action to recover overtime
> compensation which is legally due them for the time worked in
> excess of 40 hours in a given work week as well as to recover the
> difference between the amount of wages actually paid to them and
> the statutorily minimum wage amounts due ("FLSA Plaintiffs").

10. Guzman is similarly situated to all such individuals because while employed by

Defendants, he and all FLSA Plaintiffs performed similar tasks; were subject to the same

laws and regulations; were paid in the same or similar manner; were paid the same or

similar rate, were required to work in excess of 40 hours per work-week; were not paid

the required 1.5 times their respective regular rates of pay for overtime worked; and were

not paid at an amount equal to the minimum hourly required rate of pay per hour worked.

11. From in or about October 1996, Guzman worked for Defendants at their place of business

fifty-nine (59) hours a week.

12. Defendant treated all FLSA Plaintiffs similarly in requiring them to work in excess of 40

hours per workweek without overtime compensation.  Guzman and the FLSA Plaintiffs

work and/or worked for Defendants at their place of business in 10 hour shifts, five  (5)

days per week and an additional nine (9) hours on the weekends.  They were specifically

scheduled to work more than 40 hours per work week, yet Defendants did not pay them

3

the statutorily required overtime compensation. They also were not compensated at an hourly rate in accordance with the minimum legally required hourly rate of pay. This practice was enforced against all employees in similar or identical fashion.

13. All FLSA Plaintiffs are engaged in interstate commerce as they are required to handle goods that have been moved in interstate commerce.

14. Defendants is and has been aware of the requirement to pay Guzman and the FLSA Plaintiffs for overtime work and in accordance with the minimum rate of hours laws, yet purposefully chose not to.

## RULE 23 CLASS ALLEGATIONS

15. Guzman additionally seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on his own behalf as well as those who are similarly situated and are also FLSA Plaintiffs; who during the applicable statutes of limitation were subjected to violations of the New York Labor Law.

16. Under F.R.C.P. 23(b)(3) Plaintiffs must plead that the class:

    a. Is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class which predominate any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and,

    e. A class action is superior to other methods of adjudication.

17. The Class which Plaintiffs seek to define includes:

> All non-exempt persons performing non-managerial tasks employed by Defendants to perform any work in any of Defendant's locations in any capacity during the statutory period

4

within the State of New York who (1) worked in excess of 40 hours per week and were not compensated with overtime pay; and/or (2) were not compensated at a rate in accordance with the minimum wage laws ("Class Plaintiffs").

## Numerosity

18. Upon information and belief, during the previous fifteen (15) years, Defendants have, in total, employed in excess of 10 employees in order to staff the locations of the stores facility that Defendants operates.

## Common Questions of Law and/or Fact

19. There are questions of law/fact that govern over the claims which are available to each and every Class Plaintiff, including but not limited to the following:

   a. Whether Class Plaintiffs were compensated at a rate less than the statutorily required minimum hourly rate of pay;

   b. Whether Class Plaintiffs were scheduled to work and/or required to work in shifts of approximately 10 hours per day, five (5) days per week and additional time on the weekends;

   c. Whether Class Plaintiffs were compensated for overtime pay pursuant to Defendants' policies;

   d. Whether Defendants failed to pay Class Plaintiffs for the hours worked in excess of 40 hours;

   e. Whether Defendants kept accurate records of hours worked by Class Plaintiffs; and;

   f. Whether Defendants has any affirmative defenses for any of these claims.

## Typicality of Claims and/or Defenses

5

20. Guzman was employed by Defendants in the same capacity as all of Defendants' employees aside from Management. All of Defendants' employees were treated the same or similarly by management with respect to pay or lack thereof. Thus, there are common questions of law and fact which are applicable to each and every one of Defendants' employees.

21. This treatment included, but was not limited to, failure to pay employees the proper overtime wages and failure to compensate employees in accordance with the statutorily prescribed minimum rate of pay.

<u>Adequacy</u>

22. The representative party is still employed by Defendants. Guzman has kept substantial records from his time working for Defendants and would properly and adequately represent the current and former employees who have been subjected to the treatment alleged herein. Additionally, Guzman's attorneys have substantial experience in this field of law.

<u>Superiority</u>

23. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results. Guzman has no facts relating to the class claims that are atypical from those of the class. Upon information and belief, Guzman was treated identically to other employees.

24. Indeed, Guzman will be able to further represent Class Plaintiffs by acting without fear of further retaliation and harassment. In short, protecting all of Class Plaintiffs' rights is superior to any other method.

**BACKGROUND**

6

25. Plaintiff commenced his employment with Defendants beginning on or about October 1996 in the position of Dispatcher/ Driver. Guzman's responsibilities consisted of delivering automotive parts and collecting funds from numerous locations of the Defendants utilizing a passenger car to do so.

26. Plaintiff worked five (5) days per week, for approximately ten (10) hours per day and an additional nine (9) hours on Saturdays. In spite of the fact that Guzman worked 59 hours per week, Defendants only compensated him in the amount of $420 on a weekly basis. Guzman was paid $145.00 by check and the remainder in cash. Such compensation was only for Guzman's first 40 hours worked per week and Defendants failed to compensate Guzman for any hours worked per week in excess of 40 at any rate of pay, much less at the legally mandated rate of one-and-one-half times his normal rate of pay for each of those excess hours worked per week. Defendants also failed to compensate Guzman in accordance with the legal minimum rate of pay. Both categories of unpaid wages, minimum wage and overtime, are immediately due to Guzman under the FLSA and Labor Law.

27. Additionally, due to Defendants' willful failure to compensate Guzman in accordance with the FLSA and Labor Law, Guzman is owed liquidated damages on those unpaid amounts under both laws, at a combined rate of 125% of the amount of wages owed.

28. Lastly, there are approximately ten (10) employees of Defendants identically-situated to Guzman, meaning that those other employees all worked identical hours to Guzman and were compensated at the same rate of pay.

29. All of Defendants' employees worked similar hours to Guzman and they were not compensated at the legally mandated overtime rate for hours worked per week in excess of 40, nor were they compensated at the legally required minimum hourly rate of pay.

Guzman was aware of other employees' similar situations regarding hours worked and rate of pay based on conversations with other employees.

30. As a result of the aforementioned adverse treatment suffered by Guzman, he has suffered financial damages as described.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT ON BEHALF OF PLAINTIFF AND ALL COLLECTIVE PLAINTIFFS**
*For Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219*

31. Plaintiffs repeat and re-allege each and every allegation contained herein.

32. Guzman and all other employees of Defendants were required to work in excess of 40 hours a week without being compensated for those hours at any rate of pay, much less at the statutorily required time and a half pay. Guzman and all other employees of Defendants were also not compensated at the minimum hourly rate of pay. These practices were willful and lasted for the duration of the relevant time periods.

33. This practice is in violation of the Fair Labor Standards Act.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT ON BEHALF OF PLAINTIFF AND ALL CLASS PLAINTIFFS**
*For Violation of the New York Labor Law §§ 650 & 740, et. seq.*

34. Plaintiffs repeat and re-allege each and every allegation contained herein.

35. Plaintiff and all other employees of Defendants were required to work in excess of 40 hours a week without being compensated for those hours at the legally required minimum hourly rate of pay, much less at the statutorily required time and a half pay. Guzman and all other employees of Defendants were also not compensated at the minimum hourly rate of pay. These practices were willful and lasted for the duration of the relevant time periods.

36. This practice is in violation of the New York Labor Law §§ 650 et. seq.

8

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT ON BEHALF OF PLAINTIFF AND ALL CLASS PLAINTIFFS
### *For Violation of 12 N.Y.C.R.R. § 142-2.4*

37. Guzman and all other employees of Defendants were required to work in excess of ten (10) hours a day without being compensated for the legally mandated spread of hours pay. These practices were willful and lasted for the duration of the relevant time periods.

38. This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

### PRAYER FOR RELIEF

**WHEREFORE**, Felipe Guzman and the Classes demand judgment against Defendant as follows:

1.      Demand a jury trial on these issues to determine liability and damages;

2.      Preliminary and permanent injunctions against Defendants and Defendants' officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3.      A judgment declaring that the practices complained of herein are unlawful and in violation of the FLSA; the Labor Law; and the N.Y.C.R.R.

4.      All damages which Plaintiff and the Classes have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

5.      Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional where appropriate and permitted by law;

9

6.      Awarding Plaintiff his costs and disbursements incurred in connection with this

action, including reasonable attorneys' fees, expert witness fees, and other costs;

7.      Pre-judgment and post-judgment interest, as provided by law; and

8.      Granting Plaintiff and Classes other and further relief as this Court finds

necessary and proper.

Dated: September13, 2011
       Carle Place, New York

Respectfully submitted,

**THE LAW OFFICE OF
BORRELLI & ASSOCIATES, PLLC**
*Attorneys for Plaintiffs*
One Old Country Road, Suite 347
Carle Place, New York 11530
(516) 248-5550

By:_____
            Michael J. Borrelli (MB8533)