UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FILIPE GUZMAN, on behalf of himself and
all others similarly situated,

                                        Plaintiff,

        v.

JOESONS AUTO PARTS, et al.,                        2:11-cv-04543 (ADS)(ETB)

                                        Defendants.
-------------------------------------------------------X

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

        Defendants Joesons Auto Parts, Joesons Auto Parts II, Joesons Auto Parts III, and

Pargie Visciano ("Defendants") as and for their Answer and Affirmative Defenses to the

Plaintiff's Complaint ("Complaint"), by and through undersigned counsel, state as

follows:

        1.      Paragraph 1 is a statement of claims for which no response is required.  To

the extent a response is necessary, Defendants deny the allegations set forth in paragraph

1.

        2.      Paragraph 2 is a statement of claims for which no response is required.  To

the extent a response is necessary, Defendants deny the allegations set forth in paragraph

2.

        3.      The allegations contained in paragraph 3 are legal conclusions for which

no response is required.  To the extent a response is necessary, Defendants deny the

allegations set forth in paragraph 3.

        4.      The allegations contained in paragraph 4 are legal conclusions for which

no response is required.  To the extent a response is necessary, Defendants deny the

allegations set forth in paragraph 4.

5.     The allegations contained in paragraph 5 are legal conclusions for which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 5.

6.     The allegations contained in paragraph 6 are legal conclusions for which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 6.

7.     Defendants are without information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint. To the extent an answer is necessary, Defendants deny the allegations in paragraph 7.

8.     Defendants admit the allegations contained in paragraph 8.

9.     Paragraph 9 is a statement of claims for which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 9.

10.    The allegations contained in paragraph 10 are legal conclusions for which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 10.

11.    Defendants admit that Plaintiff was employed by at least one of the Defendants and deny the remainder of allegations in paragraph 11.

12.    Defendants deny the allegations contained in paragraph 12.

13.    The allegations contained in paragraph 13 are legal conclusions for which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 13.

2

14.     Defendants admit that they are aware of the requirements of the FLSA, but deny the remainder of the allegations in paragraph 14.

15.     Paragraph 15 is a statement of claims for which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 15.

16.     The allegations contained in paragraph 16 are legal conclusions for which no response is required.   To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 16.

17.     Paragraph 17 is a statement of claims for which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 17.

18.     Defendants are without information sufficient to admit or deny the allegations contained in paragraph 18 of the Complaint.   To the extent an answer is necessary, Defendants deny the allegations in paragraph 18.

19.     The allegations contained in paragraph 19 are legal conclusions for which no response is required.   To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 19.

20.     The allegations contained in paragraph 20 are legal conclusions for which no response is required.   To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 20.

21.     Defendants deny the allegations contained in paragraph 21.

22.     Defendants deny the allegation in paragraph 22 that Plaintiff is still employed by Defendants. Defendants are without information sufficient to admit or deny

3

the remaining allegations contained in paragraph 22 of the Complaint. To the extent an answer is necessary, Defendants deny the remaining allegations in paragraph 22.

23.    The allegations contained in paragraph 23 are legal conclusions for which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 23.

24.    The allegations contained in paragraph 24 are legal conclusions for which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 24.

25.    Defendants admit that Plaintiff was employed by at least one of the Defendants and deny the remainder of allegations in paragraph 25.

26.    Defendants deny the allegations contained in paragraph 26.

27.    The allegations contained in paragraph 27 are legal conclusions for which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 27.

28.    Defendants deny the allegations contained in paragraph 28.

29.    Defendants deny the allegations contained in paragraph 29.

30.    Defendants deny the allegations contained in paragraph 30.

31.    Defendants reassert each answer as fully set forth herein in response to paragraph 31.

32.    Defendants deny the allegations contained in paragraph 32.

33.    The allegations contained in paragraph 33 are legal conclusions for which no response is required. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 33.

4

34.    Defendants reassert each answer as fully set forth herein in response to paragraph 34.

35.    Defendants deny the allegations contained in paragraph 35.

36.    The allegations contained in paragraph 36 are legal conclusions for which no response is required.  To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 36.

37.    Defendants deny the allegations contained in paragraph 37.

38.    The allegations contained in paragraph 38 are legal conclusions for which no response is required.  To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 38.

<strong>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</strong>

The Complaint, in whole or part, fails to state a claim upon which relief may be granted.

<strong>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</strong>

The claims asserted in the Complaint, in whole or part, are barred by the doctrines of laches, unclean hands, waiver and/or estoppels.

<strong>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</strong>

The claims asserted in the Complaint, in whole or part, are barred by applicable statutes of limitations.

<strong>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</strong>

The individual Defendant and certain of the corporate Defendants are not an employer as defined by the FLSA and the New York Labor Law nor are they Plaintiff's employer.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Court does not have jurisdiction of the subject matter of any cause of action alleging violations of New York State law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff was paid proper wages for all hours worked.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is an exempt employees, pursuant to the administrative exemption, the outside sales exemption, the inside commission sales exemption, retail sales exemption, the highly compensated employee exemption and/or other exemptions provided by law.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot show that Defendants had actual or constructive knowledge of overtime worked or wage payments in violation of the law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered harm or damage, which Defendants deny, persons, entities, circumstances and events for which Defendants have no responsibility in equity or law caused such harm or damage.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendants did not intentionally or willfully violate any law.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not met, nor can he meet, the requirements for asserting a collective action under all applicable laws, rules and statutes including, but not limited to 29 U.S.C. § 207.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has not met, nor can he meet, the requirements to establish a class action.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

A collective or class action is not maintainable in connection with any New York Labor Law claims because, *inter alia*, (i) CPLR 901(b) prohibits class actions brought pursuant to statutes that provide for penalties and the Labor Law is such a statute, and (ii) class representatives cannot require members of the prospective class to waive their claim to liquidated damages and nonetheless be considered to fairly and adequately protect the interests of the class.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

If, for the purposes of argument, a class or collective is certifiable in connection with New York Labor law claims, then any right to recover liquidated damages must be waived as a condition of being certified as a class.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

A collective action as well as a class action in this case is not maintainable because the Court would have to conduct individualized determinations as to each prospective collective action and class action member's job responsibilities to determine (i) whether a statutory exemption applies, (ii) whether claims are typical, and (iii) whether there are questions of law and fact common to all persons.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to make good faith and diligent efforts to mitigate his purported damages, if any, and, thus, any relief awarded to Plaintiff should be diminished in whole or in part.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees and costs.  To the extent that Plaintiff is
entitled to recover attorneys' fees and costs, they are limited to reasonable and necessary
fees incurred in connection with the recovery of wages sought under the FLSA and New
York's Labor Law.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to recover on some or all of the claims.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Defendants are entitled to a set-off for overpayments to Plaintiff.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to comply with statutory notice provisions.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to comply with administrative exhaustion of remedies.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's breach of fiduciary duty otherwise forfeits any right to wages.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

This Court does not have subject-matter jurisdiction over Plaintiff's claims.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Certain of the corporate entity Defendants are not active corporate entities in the

state of New York and are therefore not susceptible to suit.

WHEREFORE, Defendants pray that this Court find judgment for Defendants, deny all of Plaintiff's requests for relief, deny Plaintiff's request for damages, and afford Defendants such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Ari Karen
Ari Karen (*Pro Hac Vice*)
Offit Kurman, P.A.
8171 Maple Lawn Blvd., Suite 200
Fulton, MD  20759
(443) 738-1540 (phone)
(301) 575-0335 (facsimile)
akaren@offitkurman.com

/s/ Russell B. Berger
Russell B. Berger (*Pro Hac Vice*)
Offit Kurman, P.A.
8171 Maple Lawn Blvd., Suite 200
Fulton, MD  20759
(443) 738-1549 (phone)
(301) 575-0335 (facsimile)
rberger@offitkurman.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2011, a copy of the foregoing **Answer** was served *via* the court's CM/ECF filing notification service, upon:

> **Michael J. Borrelli**
> Borrelli & Associates, P.C.
> One Old Country Road, Suite 347
> Carle Place, NY 11514
> mjb@employmentlawyernewyork.com

                                   /s/ Russell B. Berger
                                   Russell B. Berger (*Pro Hac Vice*)