*The Law Office of*
# BORRELLI & ASSOCIATES, P.L.L.C.

1010 Northern Boulevard, Suite 328
Great Neck, NY 11021
Telephone (516) 248-5550
Fax (516) 248-6027

350 Fifth Avenue, Suite 3601
New York, NY 10118
Telephone (212) 679-5000
Fax (212) 967-3010
www.employmentlawyernewyork.com

January 2, 2013

***Via Electronic Case Filing***
The Honorable E. Thomas Boyle
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

   Re: *Guzman v. Joesons Auto Parts, et. al.*
      *11-CV-04543 (ADS)(ETB)*

Dear Judge Boyle:

  Please accept this letter motion in support of Plaintiff's motion for final approval of the settlement in the matter herein.

  Plaintiff Felipe Guzman, and potential opt-in/litigant Nestor Meza, on behalf of themselves, respectfully move this Court to grant final approval of the pending settlement in this matter and to enter an order giving effect to its terms. A true and correct copy of the Settlement Agreement has already been submitted to the Court. In support of this Motion, Plaintiff offers as follows.

  On September 19, 2011, Plaintiff filed the complaint herein against the above named Defendants for violations of New York State and Federal Wage and Hour Laws, including the

FLSA, New York State Labor Law, and the New York Code of Rules and Regulations. On December 21, 2011, Defendants filed their answer to the complaint.

Between the date of Defendant's answer, and the date of the settlement conference held before Judge Boyle, Plaintiff's Counsel sought to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

On or about September 28, 2012, after conferring with Counsel for Plaintiff, Counsel for Defendant filed a motion for a settlement conference and a stay of discovery.

Prior to appearing at the settlement conference, counsel for parties exchanged settlement proposals, and subsequently, Counsel for Plaintiff and Defendants, as well as all parties, including potential opt-in Nestor Meza, appeared at the settlement conference held on November 13, 2012 at the Eastern District Courthouse in Central Islip.

With the assistance of the Honorable Judge Boyle, the parties reached a settlement in principle, subject to approval of the settlement agreement filed with the court. At the settlement conference, all parties stated on the record that they understood the terms of the settlement agreement, and that once they accepted the terms on the record, they could not thereafter refuse acceptance of the settlement.

The Courts have established that the only means by which an FLSA settlement may become final and enforceable is by the Secretary of Labor authorization, and the other being actions brought pursuant to the FLSA to recover wages for FLSA violations. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-54. (11th Cir. 1982). Courts generally approve FLSA settlements when they are reached as a result of a contested litigation to resolve bona fide disputes. *Id.* at 1353. (See also *Willix v. Healthfirst, Inc.* No. 07 Civ 1143 (ENV)(RER) 2011 WL 754862 (EDNY 2011). Courts regard the adversarial nature of the litigation to be an

indicator of the fairness of the settlement. *Lynn's* at 1353. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement. *Willix at 5.*

With respect to attorney's fees, the FLSA provides for reasonable attorney's fees. 29 U.S.C 216(b). Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purpose of the FLSA. *See Braunstein v. E. Photo Labs., Inc.* 600 F.2d 335, 336 (2d. Cir 1976).

With respect to the proposed settlement in the matter herein, there exists a contested litigation between the parties over a bona fide dispute. This action clearly is contested, in light of the fact that Plaintiff claims he is entitled to amounts owed for unpaid overtime, and Defendants claim that Plaintiff is not entitled to such amounts. The settlement does reflect a reasonable compromise over contested issues. Plaintiff claims he is entitled to unpaid overtime for the entire FLSA statutory period, claiming he was only paid for forty hours per week. Plaintiff was paid for twenty hours by check, and the rest in cash. There are no records to show the total amount of hours Plaintiff worked. The amount reflected in the settlement agreement is a reasonable compromise over the dispute, since there would be a clear issue of fact as to the hours worked by Plaintiff, as well as those worked by potential opt-in/litigant Nestor Meza. The settlement amounts reached for both Plaintiff and Mr. Meza are a reasonable compromise, since they are not the original amount claimed, nor are they the amounts originally offered by Defendants in settlement of this matter.

The amounts sought by Plaintiffs Counsel for attorney's fees are fair and reasonable under the circumstances. Plaintiff's Counsel risked time and effort, as well as advancing costs and expenses, without any guarantee of ultimately receiving compensation for work performed, and therefore are entitled to an award of attorney's fees. The amount settled for also includes

expenses incurred by Plaintiff in prosecuting this action. In addition, Plaintiff's counsel has prosecuted and favorably settled many employment law actions, including but not limited to wage and hour class actions. *See Willix* at 6.

WHEREFORE, Plaintiff move that the Court enter its findings and conclusions supporting approval of the proposed settlement and grant is approval.

Dated:     January 2, 2013
           Great Neck, New York

_____
Jonathan R. Friedman (JF – 8022)
The Law Office of Borrelli & Associates, PLLC
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel.: (516) 248-5550
Fax.: (516) 248-6027

Cc:     Russell Berger- *via email*
        (Attorney for Defendants)