UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FILIPE GUZMAN, on behalf of himself and
all others similarly situated,                                                              MEMORANDUM
          Plaintiff,                    OPINION & ORDER
                CV 11-4543 (ETB)

  -against-

JOESONS AUTO PARTS, JOESONS AUTO
PARTS II, JOESONS AUTO PARTS III, and
PARGIE VISCIANO, individually,
          Defendants.
------------------------------------------------------------------------X

  Before the Court is the plaintiff's motion for approval of attorney's fees in connection with the parties' jointly proposed settlement agreement in this FLSA consent case.  See 28 U.S.C. § 636(c).

FACTS

  The settlement at issue was reached pursuant to a settlement conference before the undersigned.  While the parties agreed in principle with the overall amount of the award paid by the defendant to each of the two individuals involved here ($55,000.00), the amount of counsel fees to be awarded was not part of the settlement in principle placed on the record.  The settlement, as proposed, provides for attorney fees which amount to 40 percent of the settlement award.  In view of the fact that settlement was reached with virtually no discovery or motion practice, I found, by Memorandum Opinion & Order dated January 16, 2013, that the settlement lacked fairness because the legal fees were excessive, and I therefore rejected that portion of the settlement.  29 U.S.C. § 216(b) (2012).  The remainder of the settlement was approved.

  Plaintiff's counsel sought leave to brief the issue of counsel fees, which leave was

granted. In support of this motion, plaintiffs have argued that case law in this Circuit "support[s] the award of attorney's fees in this case, at least in line with the 30-33⅓% range" (Memorandum of Law in Support of Plaintiff's Motion for Approval of Attorney's Fees ("Mem. in Supp.") at 5), and that the requested fees are further supported by plaintiffs' counsel's billing records, which show that counsel has incurred total fees of $21,237.50 excluding the time spent on the instant motion (id. at 7). Defendants, relying on the Court's findings in its January 16, 2013 Order, opposed plaintiffs' motion for the reasons set forth therein.

DISCUSSION

When determining the reasonableness of a requested attorney fee award, a court must consider: "(A) the time and labor expended by counsel; (B) the magnitude and complexities of the litigation; (C) the risk of the litigation; (4) [sic] the quality of representation; (5) [sic] the requested fee in relation to the settlement; and (6) [sic] public policy considerations." In re Bear Stearns Cos., Inc., No. 08 MDL 1963, 2012 U.S. Dist. LEXIS 161269, at *28-29 (S.D.N.Y. Nov. 9, 2012) (citing Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000)). In addition to considering these factors, collectively referred to as the "Goldberger factors," a court may use one of two methods to calculate attorney's fees - the "lodestar" method or the "percentage of the fund" method. McDaniel v. County of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Regardless of the method applied, "district courts should continue to be guided by the traditional criteria [the Goldberger factors]" when determining what constitutes reasonable attorney's fees. Baffa v. Donaldson Lufkin & Jenrette Secs. Corp., No. 96 Civ. 0583, 2002 U.S. Dist. LEXIS 10732, at *3 (S.D.N.Y. June 17, 2002).

2

I.      Common Fund Method of Calculating the Legal Fee - The *Goldberger* Factors

     A)      Time and Labor Expended by Counsel

The first factor to be considered when determining appropriate attorney's fees is "counsel's time and labor." In re Nigeria Charter Flights Litig., No. MD 2004-1613, 2011 U.S. Dist. LEXIS 155180, at *16 (E.D.N.Y. Aug. 25, 2011) (quoting Masters v. Wilhelmina Model Agency, 473 F.3d 423, 436 (2d Cir. 2007)). Larger fee awards are warranted where counsel has spent substantial time on a case. Id., 2011 U.S. Dist. LEXIS at *25. When determining what compensation is warranted, courts will take into consideration whether counsel "conducted pre-filing investigation and interviews, researched and drafted [pleadings], prepared and argued [motions], and engaged in discovery and settlement negotiations." Chavarria v. New York Airport Serv., LLC, 875 F.Supp.2d 164, 178 (E.D.N.Y. 2012).

This action involves a straight-forward, relatively uncomplicated wage and hour dispute involving a single plaintiff, arising under the Fair Labor Standards Act and New York State Labor Law. Although filed as a collective action, there was no conditional collective action certification, no collective action certification, and no class action certification filed. Although the discovery period commenced at the initial conference on January 6, 2012 and the settlement occurred approximately 11 months later on November 13, 2012 there is little indication of any discovery. No document requests and/or interrogatory demands were served in this action. Moreover, with regard to the settling party Meza, he was not even a party to this action prior to the settlement. Counsel submitted no complaint, motion, or pleading of any kind to this Court on his behalf, instead merely showing up with him at the settlement conference. To this date, there is no opt-in or other indication beyond the settlement agreement that Meza is a party to this

3

action. Plaintiff's counsel records 54 hours of attorney time and 26.3 hours of paralegal time in the 18 months that this action has been pending. Given that this case has settled "without formal discovery or any significant litigation," a reduction in the attorney fees requested by counsel is warranted. Monserrate v. Tequipment, Inc., No. 11 Civ. 6090, 2012 U.S. Dist. LEXIS 164265, at *8 (E.D.N.Y. Nov. 16, 2012). This factor weighs against the 40 percent fee sought by plaintiff's counsel.

B) Magnitude & Complexities of Litigation

Plaintiff's counsel concedes that "[t]he complexities of this matter were commensurate with most FLSA wage and hour matters." (Mem. in Supp. at 6.) Where, as here, "the issues plaintiffs faced were not significantly different or greater than those faced by plaintiffs in other similar...cases," a court may decline to award attorney fees that appear excessive. Monserrate, 2012 U.S. Dist. LEXIS 164265 at *8 (reducing attorney fees from 20 percent of the total settlement award to 15 percent of the total settlement award).

The instant matter was essentially a single-plaintiff FLSA matter. Although plaintiff's counsel produced the settling party Nestor Meza at the settlement conference, he was not even a party to this action prior to the settlement, and as such, no complaint, motion, or pleading was ever filed on his behalf. No collective action or class action – not even conditional – was certified, and no class or merits discovery appears to have been conducted. Although the discovery period lasted approximately 11 months, it appears from counsel's billing records that no discovery occurred during that period. Given the above lack of activity in this action, as well as the small number of involved parties, the issues faced by plaintiff's counsel cannot be said to

have been "significantly different or greater than those faced... in other similar... cases." Id. In fact the issues addressed were far less complex and time consuming. Thus, this factor weighs heavily in favor of reducing the fee sought.

    C)    Risk of Litigation

Again, plaintiff's counsel states that the risk of the instant litigation was "commensurate with most FLSA wage and hour matters, insofar as its compensation depended on the outcome of the case." (Mem. in Supp. at 6.) Where "[t]he risks in [the] litigation [are] not particularly high and the parties reach[] a tentative settlement" relatively shortly after the filing of an action, a reduction in the attorney fees awarded is appropriate. Bricker v. Planet Hollywood N.Y., L.P., No. 08 Civ. 443, 2009 U.S. Dist. LEXIS 76613, at *6 (S.D.N.Y. Aug. 13, 2009) (reducing attorney fee award from 33.33 percent to 25 percent of the total settlement award where case had reached tentative settlement within ten months of filing). This factor weighs slightly against the 40 percent fee award requested here.

    D)    Quality of Representation

"To determine the quality of representation, courts review, among other things, the recovery obtained and the backgrounds of the lawyers involved in the lawsuit." In re Nigeria Charter Flights, 2011 U.S. Dist. LEXIS at *27 (quoting Taft v. Ackermans, 2007 U.S. Dist. LEXIS 9144, at *31 (S.D.N.Y. Jan. 31, 2007)). A court may take into consideration the quality of counsel's submissions to and work before the court, In re Nigeria Charter Flights, 2011 U.S. Dist. LEXIS at *27; counsel's past experience litigating other, similar cases, Chavarria, 875

F.Supp.2d at 178; and whether counsel "achieved a reasonable recovery" for plaintiff, Hall v. The Children's Place Retail Stores, Inc., 669 F.Supp.2d 399, 402 (S.D.N.Y. 2009).

As previously determined in the Court's January 16, 2013 Memorandum Opinion & Order, counsel has achieved a reasonable recovery on behalf of plaintiff Guzman and settling party Meza. It appears that counsel has handled FLSA and wage and hour actions on behalf of other plaintiffs, the extent of which is not disclosed. See, e.g. Rosario v. Valentine Avenue Discount Store, Co., 828 F.Supp.2d 508, 508 (E.D.N.Y. 2011) (noting appearance of Michael J. Borrelli and associate attorneys on behalf of plaintiffs in a collective action arising under the FLSA); Salazar v. Bowne Realty Assocs., LLC, 796 F.Supp.2d 378, 378 (E.D.N.Y. 2011) (same). The movant has failed to produce on this application any information relating to the background and experience of any of the lawyers assigned to this action.

Moreover, the Court is not impressed with the manner in which plaintiff's counsel pursued this action. With respect to Mr. Meza, as alluded to above, plaintiff's counsel simply produced the second employee at the settlement conference without any advance notification to the Court. It is not clear whether any advance notice was provided to defendants' counsel. Lastly, it appears that little if anything was done by plaintiff's counsel with regard to litigating this action prior to the initial termination of discovery on October 5, 2012. There is no evidence from the time records of document requests or interrogatories. Plaintiff's counsel conducted no depositions. A discovery request was made which extended discovery completion to early December 2012, and prior to December a settlement conference was conducted before the undersigned on November 15, 2012, which settled the claims of Guzman and Meza. To this day Meza does not appear as an opt-in nor has the caption been modified to reflect his involvement –

other than the settlement document.

For the foregoing reasons, consideration of the quality of representation factor weighs against the fee sought by plaintiff's counsel.

E) Fee in Relation to Remainder of Settlement

"The fifth Goldberger [factor] evaluates the relationship of the requested fee to the settlement." Hall, 669 F.Supp.2d at 403. Fees of 30 to 33 ⅓ percent are not uncommon in this Circuit. See, e.g. Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC, 504 F.3d 229, 239 (2d Cir. 2007) (awarding fees in the amount of 30 percent of the total settlement); Chavarria, 875 F.Supp.2d at 178 (awarding fees in the amount of one-third of the total settlement); Reyes v. Buddha-Bar NYC, No. 08 Civ. 02494, 2009 U.S. Dist. LEXIS 45277, at *14 (S.D.N.Y. May 28, 2009) (awarding fees in the amount of 33 percent of the total settlement). However, requested fee awards in that range have also been reduced when determined to be unwarranted by the facts and procedural posture of a particular case. See, e.g. McDaniel, 595 F.3d at 425 (approving fee award that had been reduced by district court to 13 percent of the total settlement award); Monserrate, 2012 U.S. Dist. LEXIS at *8 (reducing attorney fees from 20 to 15 percent of the total settlement award); Bricker, 2009 U.S. Dist. LEXIS at *6 (reducing attorney fee award from 33.33 to 25 percent of the total settlement award). Moreover, courts have found, in FLSA cases, that a fee of 20 percent or less of the total settlement award "is reasonable and consistent with fees granted in other class actions." Ayers v. SGS Control Servs., Inc., No. 03 Civ. 9078, 2008 U.S. Dist. LEXIS 69307, at *29-30 (S.D.N.Y. Sep. 9, 2008) (collecting cases in which fees awarded ranged from 18-20 percent of

7

total settlement award).

Thus, while fee awards of up to a third of the total settlement award are not atypical in this Circuit, significantly smaller awards are also common when warranted by the facts of a particular case. Such is the case here, where a settlement has been reached in a relatively short period of time, with little, if any, discovery or motion practice. McDaniel, 595 F.3d at 425; Monserrate, 2012 U.S. Dist. LEXIS at *8; Bricker, 2009 U.S. Dist. LEXIS at *6; Ayers, 2008 U.S. Dist. LEXIS at *29-30. This factor also weighs against the 40 percent fee requested.

   F)  Public Policy Considerations

With regard to the sixth Goldberger factor, "a fee award must balance the public policy of enforcing the FLSA with the 'overarching concern for moderation.'" Monserrate, 2012 U.S. Dist. LEXIS at *11, quoting Goldberger, 209 F.3d at 53. When determining a fee award in an FLSA case, courts must award a fee that "encourages class counsel to pursue FLSA litigations and helps ensure against excessive fees." Figueroa v. Eze Castle Integration, Inc., No 10 Civ. 1607, 2011 U.S. Dist. LEXIS 74129, at *6 (S.D.N.Y. July 8, 2011). Where the other Goldberger factors do not support an outsized fee award, an award of as little as 15 percent of the total settlement fund may be sufficient to satisfy public policy considerations. Monserrate, 2012 U.S. Dist. LEXIS at 11 (holding that a fee award of 15 percent of total settlement fund was sufficient to satisfy public policy considerations); see also Figueroa, 2011 U.S. Dist. LEXIS at *6 (holding that a fee award of 23 percent of total settlement was sufficient to satisfy public policy considerations); Ayers, 2008 U.S. Dist. LEXIS at *30 (holding that a fee award of 19 percent of total settlement was sufficient to satisfy public policy considerations, and collecting cases where

fee award ranged from 18 to 20 percent).

Finally, considering and applying the Goldberger factors, I find that a fee award of 25 percent of the Guzman settlement is an adequate fee, and that the fee award of 20 percent is adequate with respect to Meza.

II. The Lodestar Method of Calculating Attorney's Fee

Under the lodestar method, a court takes into account "the number of hours reasonably billed to the class and then multiplies that figure by an appropriate hourly rate." Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 47 (2d Cir. 2000). A multiplier may be added to enhance the fee award where warranted. Id. It is not warranted here.

Plaintiff's counsel advocates for use of the lodestar method in this case, either as the primary method of calculation of fees or as a "cross-check" to "ensure the reasonableness of the award." (Mem. in Supp. at 7, citing Sewell v. Bovis Lend Lease, Inc., 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 20, 2012).) However, the mere fact that application of the lodestar method "supports a larger percentage fee" (Mem. in Supp. at 7) is insufficient to justify either the application of the method or the award of a higher fee. See Baffa, 2002 U.S. Dist. LEXIS at *6-7 (denying plaintiff's request for fees that amounted to 37 percent of the settlement fund in spite of the fact that the requested fees, under the lodestar method, represented less than half of the actual lodestar figure calculated by counsel); see also In re Blech Sec. Litig., No. 94 Civ. 7696/95 Civ. 6422, 2000 U.S. Dist. LEXIS 6920, at *14-15 (S.D.N.Y. May 22, 2000) (applying percentage of the fund method and awarding attorney's fees in the amount of 30 percent of the settlement fund where attorney's fees, if calculated under the lodestar method, would have been

significantly higher).

A) <u>Counsel's Fees Are Not Reasonable</u>

The hourly rates sought by counsel are unreasonable,[1] and the number of hours expended by counsel on this matter are excessive.

First, with regard to counsel's hourly rates, the Court notes that counsel seeks to be compensated at an hourly rate of $400.00 for partners' time; at an hourly rate of $300.00 – $350.00 for associate attorneys' time; and at an hourly rate of $125.00 for the firm's paralegals' time. The presumptively reasonable hourly billing rates in this district are in the range of $300.00 – $450.00 for partners, $200.00 – $325.00 for senior associates, and $100.00 – $200.00 for junior associates. <u>Bogosian v. All American Concessions</u>, No. 06 Civ. 1633, 2012 U.S. Dist. LEXIS 69987, at *7 (E.D.N.Y. 2012). For paralegals, the presumptively reasonable hourly billing rate is $75.00. <u>Fuerst v. Fuerst</u>, No. 10 Civ. 3941, 2012 U.S. Dist. LEXIS 48545, at *9 (E.D.N.Y. Apr. 5, 2012).

However, nowhere in their motion do plaintiffs' attorneys identify the individuals who performed work on this matter, nor do they provide any information regarding these attorneys' qualifications or years of experience. Absent such information, and due to the non-complex nature of the legal services provided, the Court finds that plaintiff's counsel has failed to justify

---

[1] The Court notes that counsel's stated hourly rates have been rejected as "not reasonable" in the past. <u>See, e.g.</u> <u>Castellanos v. Deli Casagrande Corp.</u>, No. 11 Civ. 245, 2013 U.S. Dist. LEXIS 45858, at *33 (E.D.N.Y. Mar. 7, 2013) (reducing Michael J. Borrelli's hourly billing rate to $350, reducing the hourly rate of the firm's associate attorneys to $250, and reducing the hourly rate of the firm's paralegals to $75; also applying a 10 percent reduction to the fees sought by Borrelli & Associates because the number of hours billed was "not reasonable" given the work performed by the firm and the procedural posture of the case).

the hourly billing rates for himself and the firm's attorneys and paralegals, and therefore reduces the hourly billing rate to $350.00 for the firm's partner, reduces to $150.00 the billing rate for the firm's associates, and reduces to $75.00 the billing rate for the firm's paralegals, in accordance with the presumptively reasonable rates in this District. See, e.g. Molefi v. Oppenheimer Trust, No. 03 Civ. 5631, 2007 (holding that counsel's failure to provide information "'concerning the credentials or experience of counsel applying for fees'... may warrant a reduction in fees") (quoting Night Hawk Ltd. v. Briarpatch Ltd., L.P., No. 03 Civ. 1382, 2004 U.S. Dist. LEXIS 11109, at *13 (S.D.N.Y. June 22, 2004)).

The Court also finds that the number of hours billed was not reasonable given the limited work performed by the firm and the procedural posture of the case. See, e.g. Castellanos v. Deli Casagrande Corp., No. 11 Civ. 245, 2013 U.S. Dist. LEXIS 45858, at *33 (E.D.N.Y. Mar. 7, 2013) (reducing fees where time spent on matter was found to be excessive). Here, counsel has billed a total of 54 hours of attorney time and 26.3 hours of paralegal time, exclusive of time spent preparing this motion. This is a single-plaintiff FLSA case in which no discovery has been conducted and no motion practice has occurred. On review of the itemized billing records submitted, it appears that one partner, five separate associate attorneys, and seven separate paralegals were assigned to this case.[2] Counsel spent more than twelve hours of attorney and paralegal time just in intra-office communication regarding this case. Moreover, because of the number of attorneys assigned to this matter, each electronic notification from the Court's ECF

---

[2] Although plaintiff's counsel has offered no information about the identities of the staff assigned to this matter, the billing records provided include six sets of initials with hourly billing rates of $300.00 – $400.00, indicating that these initials represent individual attorneys, and seven sets of initials with hourly billing rates of $125.00, indicating that these initials represent individual paralegals.

11

system generated a half hour or more in billings collectively.[3]  Finally, the Court also notes that counsel spent at least six hours drafting motions in this action that were never filed with the Court.  Moreover, to this day, although Meza is included within the settlement, he has never filed an opt-in nor has the caption been modified to show his inclusion in this action in any way.  As discussed above, plaintiff's counsel simply produced Meza unannounced to the Court at the settlement conference, although the time records reveal that plaintiff's counsel was aware of Meza's involvement months prior to the settlement.  Such billings are excessive, and the Court therefore finds that, if the lodestar method of fee calculation were to be applied in the instant matter, an across-the-board fee reduction of 35 percent would be warranted.

After accounting for the reduction in associate and paralegal hourly billing rates and subtracting any hours spent on motions that were never filed in this action (which would reduce counsel's fees to $12,552.50), and then applying the 35 percent reduction previously discussed, the award to plaintiff's counsel under the lodestar method of calculation would be $8,159.13.  This sum is only marginally higher than that to which counsel is entitled under a percentage of the fund calculation.[4]  The mere fact that the application of the lodestar method would result in the award of a higher fee, standing alone, is insufficient to justify either the application of the method or the award of a higher fee.  See Baffa, 2002 U.S. Dist. LEXIS at *6-7.

---

[3] According to the billing records provided, many ECF bounces were reviewed by anywhere from three to five staff members, each spending 0.1 to 0.25 hours on the review. (Platzek Affirmation at Exhibit 1.)

[4] Under the percentage of the fund calculation, plaintiff's counsel is entitled to $5,912.50 (25 percent of $23,650.00) in fees with respect to plaintiff Guzman, and $1,730.00 (20 percent of $8,650.00) with respect to settling party Meza, for a total award of $7,642.50.

CONCLUSION

For the foregoing reasons, I find that the attorney fee contemplated in the proposed settlement is excessive, and a legal fee of 25 percent is appropriate and adequate as to plaintiff Guzman, and 20 percent as to the settling party Meza.

The Clerk of Court is directed to enter final judgment awarding attorney fees to plaintiff consistent with this Memorandum Opinion and Order.

**SO ORDERED:**

Dated: Central Islip, New York
      May 15, 2013

                                        /s/ E. Thomas Boyle
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge