UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FILIPE GUZMAN, on behalf of himself and
all others similarly situated,

                                   Plaintiff,

      -against-

JOESONS AUTO PARTS, JOESONS AUTO
PARTS II, JOESONS AUTO PARTS III, and
PARGIE VISCIANO, individually,
                                 Defendants.
-----------------------------------------------------------------------X

AMENDED
MEMORANDUM
OPINION & ORDER
CV 11-4543 (ETB)

      Before the Court is the parties' joint motion for approval of a settlement agreement. This is a consent case. See 28 U.S.C. § 636(c). The settlement provides for attorney fees which amount to 40 percent of the settlement award. The settlement was reached pursuant to a settlement conference before the undersigned. The parties agreed in principle with the overall amount of $55,000.00, divided as follows: Plaintiff Guzman, $40,000.00; Nestor Meza, $15,000.00, inclusive of attorney fees. In view of the fact that settlement was reached without any discovery or motion practice, I find that the settlement lacks fairness because the legal fees are excessive and therefore reject that part of the settlement. 29 U.S.C. § 216(b) (2012). The remainder is approved as discussed below.

      When determining the reasonableness of a requested attorney fee award, a court must consider: "(A) the time and labor expended by counsel; (B) the magnitude and complexities of the litigation; (C) the risk of the litigation; (4) [sic] the quality of representation; (5) [sic] the requested fee in relation to the settlement; and (6) [sic] public policy considerations." In re Bear

Stearns Cos., Inc., No. 08 MDL 1963, 2012 U.S. Dist. LEXIS 161269, at *28-29 (S.D.N.Y. Nov. 9, 2012) (citing Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000)).

Where a case settles during the early stages of litigation, and "the issues plaintiffs faced were not significantly different or greater than those faced by plaintiffs in other similar...cases," a court may decline to award attorney fees that appear excessive. Monserrate v. Tequipment, Inc., No. 11 Civ. 6090, 2012 U.S. Dist. LEXIS 164265, at *8 (E.D.N.Y. Nov. 16, 2012) (lowering attorney fees from 20 percent of the total settlement award to 15 percent of the total settlement award). Likewise, where "[t]he risks in [the] litigation [are] not particularly high and the parties reach[] a tentative settlement" relatively shortly after the filing of the action, a reduction in the attorney fees awarded is appropriate. Bricker v. Planet Hollywood N.Y., L.P., No. 08 Civ. 443, 2009 U.S. Dist. LEXIS 76613, at *6 (S.D.N.Y. Aug. 13, 2009) (reducing attorney fee award from 33.33 percent to 25 percent of the total settlement award where case had reached tentative settlement within ten months of filing).

The proposal dated November 28, 2012 provides for a $55,000.00 settlement, divided as follows:

| | |
|---|---|
| Plaintiff Guzman: | $23,650.00 |
| Nestor Meza: | $8,075.00 |
| Plaintiff's counsel, Borrelli & Associates, P.L.L.C.: | $22,700.00 |

This action involves a straight-forward, relatively uncomplicated wage and hour dispute arising under the Fair Labor Standards Act and New York State Labor Law. No discovery has taken place, and no substantive motion practice has occurred. Therefore no collective action was certified and no class action is certified here. In fact no class or merits discovery was conducted, although the discovery period commenced at the initial conference on January 6, 2012 and the

settlement occurred on November 13, 2013.

For the foregoing reasons, the proposed settlement as to the overall award of $55,000.00 is approved along with the percentage of that award to be distributed to Guzman and to Meza. I find however that the attorney fee contemplated in the proposed settlement is excessive, and a legal fee of 25 percent is appropriate and adequate as to plaintiff Guzman, and 20 percent as to the settling party Meza. Accordingly the division of the proceeds are as follows: plaintiff Guzman, $30,000.00; settling party Meza, $12,000.00; plaintiff's counsel, Borelli & Associates, P.L.L.C., $13,000.00. Counsel shall submit a status report by January 22, 2013 concerning the re-submission of the settlement consistent with this opinion, or, should counsel choose to litigate the legal fee, a proposed schedule for submission of a formal motion and brief. Counsel for defendant may also submit papers on this application should it choose to do so.

**SO ORDERED:**

Dated: Central Islip, New York
         January 16, 2013

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge